C. B. HAYES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22473.   Promulgated August 6, 1929.

*F. C. Goddard, Esq.*, and *E. S. Kochersperger, Esq.*, for the petitioner.

*C. H. Curl, Esq.*, for the respondent.

OPINION.

PHILLIPS: The evidence in this case, taken by deposition, is most unsatisfactory.   The record leaves the impression that testimony was given without serious consideration to the statements made, resulting in several contradictions.   Such a situation necessarily casts

doubt upon the accuracy of all of such testimony, even though we are of the opinion that such contradictions were due to carelessness or confusion and to no intention to mislead. Because of that situation, we have deemed it impossible to make all of the findings of fact requested by counsel for the petitioner, many of which might have been justified under other circumstances.

It is by no means clear that petitioner ever expected to enforce the note which he took from his son-in-law. That his motives were in part charitable, is shown by his act in returning to Ganiard's mother the bonds which she had loaned her son for collateral. If there was no intention to enforce the note, or if there was no reasonable expectation when given that it would be paid, the transaction was more in the nature of a gift to the son-in-law than a debt. It is true that a note was given which was legally enforcible. But a gift may not be claimed as a deduction for tax purposes by the device of taking a note for the amount of the gift. And this we deem so, even though the note may be legally enforcible, if there is no intent to enforce the note or reason to believe when taken that it can not be collected.

But if, in the instant case, it could be conceded that this was such an indebtedness that a deduction might be taken if ascertained to be worthless, the record is insufficient to establish any ascertainment of worthlessness. Apparently the note was worth as much at the close of the year as when taken.

*Decision will be entered for the respondent under Rule 50.*